## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ASCOT SYNDICATE 1414 AT LLOYDS OF LONDON a/s/o INGRAM ENTERPRISES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE DROP YARD, LLC,<br><br>Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff ASCOT SYNDICATE 1414 AT LLOYDS OF LONDON a/s/o Ingram Enterprises, Inc., by and through its attorneys, and for its Complaint against Defendant, alleges upon information and belief as follows:

1. This is a negligence claim asserted by Plaintiff against Defendant for failing to properly secure and/or safeguard Plaintiff's cargo while in Defendants' sole care, custody and control.

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different countries and the matter in controversy exceeds $75,000.00.

3. Venue is proper in this District as the events giving rise to this claim occurred in this District; and Defendant is located in this District.

4. At all material times, Plaintiff Ascot Syndicate 1414 at Lloyds of London (hereinafter "Ascot" or "Plaintiff") was and is an insurance company incorporated in England, with its principal place of business at 20 Fenchurch Street, London EC3M 3BY, England, that

issued a policy of insurance to Ingram Enterprises, Inc. (hereinafter "Ingram") covering a consignment of fireworks transported from China to Tennessee, that were stolen in Memphis, TN in April 2022.

5. At all material times, Defendant Interstate Drop Yard, LLC (hereinafter "Interstate" or "Defendant") was and is a limited liability company organized and existing by virtue of the laws of Tennessee, with an office and place of business located at 2505 Farrisview Road, Memphis, TN 38118, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court. Upon information and belief, Interstate's two members are each a citizen of the state of Tennessee.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## **RELEVANT FACTS**

7. This is a claim for theft of a consignment of fireworks which had been transported from China to Mobile, Alabama, and then trucked to Interstate's facility for storage pending delivery to Ingram's customers.

8. The consignment of fireworks consisted of 3 containers of fireworks, as follows: FYCU1059725 with 1,425 cartons valued at $131,461.36 destined for Odessa, Missouri; FYCU1060726 with 1,298 cartons valued at $121,025.25 destined for Odessa, Missouri, and FYCU1060984 with 1,101 cartons valued at $415,432.20 destined for Knoxville, Tennessee.

9. The three containers were discharged from the ocean vessel in Mobile, Alabama, on or about March 24, 2022, and immediately transported by truck to Interstate's storage facility located at 4071 East Shelby Drive, Memphis, TN ("Interstate's Premises").

10. Prior to the arrival of the aforementioned containers of fireworks, Ingram and Interstate entered into a written Space Leasing Agreement (the "Agreement"), attached as <u>Exhibit 1</u>. Section 6 of the Agreement provides that Ingram is responsible for theft if the loss is caused by the negligence of Interstate.

11. On or about April 6, 2022, Ingram's three containers of fireworks were stolen from Interstate's Premises.

12. Upon information and belief, containers of fireworks owned by other parties were also stolen from Interstate's Premises on or about this time.

13. On April 21, 2022, Ingram placed Interstate on written notice for the loss of the consignment of fireworks.

14. DLS Marine was engaged by Ingram's cargo underwriter, Ascot, to investigate the theft.

15. On August 8, 2022, the fireworks that were stowed in container FYCU1060984 were recovered by the Memphis Police Department and returned to Ingram.

16. The cargo stowed in containers FYCU1059725 and FYCU1060726 were never recovered and were deemed to be a total loss.

17. The theft of the aforementioned consignment of fireworks was not the result of any act or omission on the part of the Plaintiff or its insured, but to the contrary, was due solely to the negligence, fault, and/or neglect of the Defendant.

18. The value of the stolen fireworks is $256,486.88.

19. At all times relevant hereto, a contract of insurance for property damage was in effect between Ascot and Ingram, which provided coverage for, among other things, loss or damage to the aforementioned consignment of fireworks.

20. Pursuant to the aforementioned contract of insurance between Ascot and Ingram, monies have been expended on behalf of Ingram to the detriment of Ascot, due to the theft of the consignment of fireworks from Interstate's Premises.

21. As Ascot has sustained damages as a result of said expenditures, expenditures rightly the responsibility of Defendant, Ascot has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

22. Ascot paid a total of $246,486.88 to Ingram, which is the claim amount less the $10,000 deductible.

23. Ingram has assigned to Ascot the right to pursue the deductible portion of the claim.

24. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $256,486.88.

## CAUSE OF ACTION

25. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 24, inclusive, as if herein set forth at length.

26. Pursuant to the Agreement entered into by and between the parties, the Defendant owed a duty to Ingram to properly secure and/or safeguard the goods Ingram stored on Defendant's Premises.

27. The Defendant was negligent for failing to properly secure and/or safeguard the containers of fireworks Ingram stored on Interstate's Premises and for failing to have adequate security in place, all of which permitted the theft of the containers of fireworks from Interstate's Premises.

28. As a direct and proximate result of said negligent conduct by Defendant, the Plaintiff has suffered damages in the amount of $256,486.88.

29. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity and trial, no part of which has been paid by Defendant although duly demanded, which are presently estimated to be no less than $256,486.88.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law issue against Defendant, ordering it to appear and answer all allegations in this Complaint;

2. That judgment may be entered in favor of Plaintiff against Defendant for damages in the amount of at least $256,486.88, plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

    Respectfully submitted,

    DICKINSON WRIGHT PLLC

    /s/ Autumn L. Gentry
    Autumn L. Gentry, TN Bar #20766
    Fifth Third Center
    424 Church Street, Suite 800
    Nashville, TN 37219-2392
    Tel.:  615-244-6538
    agentry@dickinsonwright.com

    Counsel for Plaintiff

4879-1825-1195 v1 [109336-1]